**Thelma M. ALLISON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81–931.

District of Columbia Court of Appeals.

Submitted May 25, 1982.

Decided Oct. 6, 1982.

Felicia Dubrovsky, Washington, D.C., appointed by this court, for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., with whom John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, L. Jackson Thomas II, Michael W. Farrell, and Bruce A. Peterson, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK and PRYOR, Associate Judges, and PAIR, Associate Judge, Retired.

---

PAIR, Associate Judge, Retired.

After a jury trial, appellant was convicted of selling heroin in violation of D.C.Code 1981, § 33–502[1] and sentenced to a one year term of imprisonment. She now contends that the trial court erred in not excusing from the jury two persons who had been members of a panel of jurors at an earlier trial where one of the defense witnesses at appellant's trial had been a criminal defendant. Neither juror was chosen for the earlier jury, and the witness (then defendant) was acquitted. We affirm.

The facts relevant to this appeal are as follows. During voir dire, defense counsel informed the jury panel that Sherman Marshall would be called as a witness and asked if any member of the panel knew Mr. Marshall. The prospective witness was not personally introduced to the panel. None of the panel members indicated that they recognized Marshall's name and selection of the jury proceeded. Later, before Marshall entered the courtroom to testify, the court asked members of the jury to raise their hand if they recognized the witness. When Marshall entered the courtroom, one of the jurors indicated that a week earlier she had been a member of a jury panel in a case where Marshall had been a criminal defendant. The court questioned Marshall and learned that he was the individual involved in the earlier case and that he had been acquitted of narcotics charges. During a recess taken immediately after this disclosure, the court received a note from another juror indicating that she had also been a member of the jury panel in Marshall's case. With the consent of appellant's counsel,[2] the trial court decided not to excuse the jurors or to impanel a new jury, but instead to tell the entire jury the circumstances of the earlier trial and to ask if any juror would be unable to render an impartial verdict as a result. The court addressed the jury as follows:

Ladies and gentlemen, I have to give you an instruction at this point and ask a question which is extremely important to your function in this case. I urge you to think about it very carefully and to answer it carefully when you are called upon to do so.

More than one of you have indicated that you were members of a voir dire panel during jury selection in a case in which the witness . . . was on trial in this court last week.

He did have a trial last week and it resulted a verdict of not guilty. Therefore, you would not be permitted in any way whatsoever to consider the fact that he had been arrested on a charge for which he was later found not guilty.

It has come to light that you recognize him in that context and then, therefore, I feel I should ask you to think about whether or not any of you who did recognize him in any context feel that in any way, knowing the fact that he was himself on trial last week, would affect your ability to judge his testimony and credibility the same way you would any other witness fairly and impartially based on the usual factors that one would use to assess credibility of any witness.

APPELLANT'S COUNSEL: Let's try it that way and hope for the best.

It is significant that appellant agreed to the procedure proposed by the court. *Cf. United States v. Evans*, 635 F.2d 1124, 1126–27 (4th Cir.1980), *cert. denied*, 452 U.S. 943, 101 S.Ct. 3090, 69 L.Ed.2d 958 (1981) (no error where court permitted previously discharged alternate juror to replace a regular juror who had been excused, when all parties agreed to the substitution). *But cf., Robinson v. United States*, D.C.App., 448 A.2d 853, 856 (1982) (error for trial court to conduct most of voir dire at the bench, while appellant, over protest of her counsel, remained at the counsel table).

---

1. Formerly D.C.Code 1973, § 33–402.

2. When it was learned that the two jurors had been members of the earlier jury panel, the court and counsel engaged in the following dialogue:

THE COURT: I don't know what to suggest except perhaps to bring the matter out in the open, ask the juror to come back. . . . If that is an acceptable solution to the situation, I will propose it.

APPELLANT'S COUNSEL: On behalf of Ms. Allison, we will go along with the Court's suggestion.

THE COURT: Do you have a better one?

If there is anybody that feels that he or she would have difficulty doing that, please indicate and we will discuss it at the bench.

None of the jurors responded and the court ordered that the trial continue with direct examination of Mr. Marshall. Appellant argues that these facts give rise to a presumption of jury partiality and that it was abuse of discretion not to excuse the two jurors or to select an entirely new jury.

A trial court has broad discretion in deciding whether to excuse a juror for cause and this court "should not reverse the trial judge's decision on this matter unless the juror's partiality is manifest." *Wilburn v. United States,* D.C.App., 340 A.2d 810, 812 (1975). We recognize, however, despite these limitations on our scope of review, that " '[o]nly by a punctilious regard for a suspicion of prejudice can we hope to maintain the high tradition of our jury system. We must make sure that the lamentations of the unsuccessful litigant [are] without foundation, either in fact or circumstance.' " *Id. quoting United States v. Chapman,* 158 F.2d 417, 421 (10th Cir.1946). Here, since we find that the alleged bias was not manifest, we hold that the two jurors in question were properly allowed to remain on the jury.

In some respects the case at bar is similar to *Wilburn.* But while we are guided by the legal standard enunciated in *Wilburn,* the instant case is factually distinguishable. In finding that the trial court in *Wilburn* abused its discretion by not excusing a juror, we stated that "the court must analyze all the circumstances of the juror's relationship with the witness before it decides that [he or] she can be impartial." *Id.* In *Wilburn,* the juror and witness were "more than mere acquaintances." The juror had known the witness's mother for thirty years and had known the witness personally as a boy growing up. Furthermore, in *Wilburn* the complainant was living with the witness and the witness's mother at the time of the alleged offense. Here, the relationship between the witness and the jurors was far more attenuated. While both jurors were members of the jury panel, neither was picked for the jury that decided Marshall's case and no other connection between the jurors and the witness existed. In comparison to the *Wilburn* case, the contact here was slight and nonprejudicial. *See Hale v. United States,* D.C.App., 361 A.2d 212, 216 n. 9 (1976).

In deciding whether to excuse a juror, the court must decide "whether the juror 'can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' " *United States v. Bruton,* 647 F.2d 818, 826 (8th Cir.), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981), *quoting Murphy v. Florida,* 421 U.S. 794, 800, 95 S.Ct. 2031, 2036, 44 L.Ed.2d 589 (1975). Nothing in the record suggests that these jurors could not base their verdict solely on the facts and evidence presented at trial. When the trial court asked the jury whether knowing that Marshall had been a criminal defendant "would affect your ability to judge his testimony and credibility the same way you would any other witness fairly and impartially," no juror responded. That two of the jurors who decided appellant's case had also been potential jurors at a defense witness' earlier criminal trial is alone not enough to show manifest partiality.

Accordingly, the judgment of conviction is

*Affirmed.*