454 A.2d 633

COMMONWEALTH of Pennsylvania

v.

Daniel WESTERFER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 4, 1980.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal Denied April 15, 1983.

Brian S. Quinn, Havertown, for appellant.

Frank Hazel, District Attorney, Media, for Commonwealth, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case concerns the defendant-appellant's appeal from his conviction by a jury of burglary, theft by unlawful taking and criminal conspiracy as to three separate incidents. The defendant requested a Motion in Arrest of Judgment which was denied by the court below. The defendant was sentenced to a prison term of four and one-half to twelve (4 & ½ to 12) years.

On September 25, 1979, four private residences were burglarized in Radnor Township, Delaware County. The burglaries involved the theft of large amounts of personal property including television sets, jewelry, and silver flatware. A pry tool was used in each case to gain entry. Responding to the rash of burglaries, Sergeant Clement of the Lower Merion Township Police Department was assigned to the Villonova area to conduct surveillance for suspects in the burglaries.

At 6:00 P.M., on September 25, 1979, Sergeant Clement observed a white station wagon pass by his stakeout position. It was travelling slowly. The officer decided to follow the vehicle. In doing so he observed the defendant, a passenger in the vehicle, turn around and look at the

officer's vehicle. The defendant then made a shoving motion and crouched down in the station wagon. Clement then stopped the vehicle. While he was talking to its driver, Edmund Pienkos, who was standing outside the station wagon, he saw a large, portable television on its back seat. When Pienkos returned to the vehicle to search for his registration card the officer walked to the passenger side of the vehicle where he observed two packets of cigarettes (Kools and Salems) on the front seat and a green handled screw driver the tip of which had been cut into a "V-shape",[1] and a white cup containing silver coins and a gold necklace on the floor of the station wagon at the defendant's feet. Sergeant Clement then called for assistance. The "back-up" officer noticed several screwdrivers in the vehicle. Defendant and Pienkos were then arrested. Pienkos made a statement to the police. Defendant made no statement.

It should also be noted that Pienkos gave the officer defendant's address while they were talking. However, defendant gave the officer an address different than the one Pienkos gave. The officers also noticed a pillow case protruding from under the vehicle's seat. It was found to contain items taken during the burglaries. In addition Salem cigarette butts were found at the scene of three of the burglaries.

■ Defendant's first contention is that he was denied effective assistance of counsel at his trial. He claims that his trial counsel was ineffective because he failed to file a suppression motion demanding that the evidence found in the vehicle (the stolen goods) be suppressed as the product of an unlawful search and seizure. We do not agree as such a motion would have been meritless. The arresting officer had observed a slow-moving vehicle in a residential area shortly after having received a report of four burglaries in the area. While this did not give him probable cause

---

1. The Officer testified that such instruments served no legitimate purpose. Their use is confined to unhinging sliding doors and locks connected thereto.

to stop and search the vehicle, defendant's subsequent actions in attempting to conceal something after noticing the officer did give him enough reason to take the limited action of stopping the vehicle. See *Commonwealth v. DeJesus*, 226 Pa.Superior Ct. 79, 310 A.2d 323 (1973). After he stopped the vehicle the officer noticed a large, table-model television set, jewelry, a gold necklace, and a burglary tool in plain view inside the vehicle. Because the officer was lawfully in the position that he was when he made these observations his noticing them was not unlawful. See *Commonwealth v. Clelland*, 227 Pa.Superior Ct. 384, 323 A.2d 60 (1974).

The suspicious actions of the defendant in attempting to conceal something in the station wagon after noticing the officer, his proximity in time and place to the scene of the burglaries and the description of the items stolen, when coupled with Sergeant Clement's lawful observation of the contents of the vehicle, and the inconsistency in defendant's and his partner's statements to the officer justified the subsequent arrest of the defendant and the search of the vehicle. See *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972) [Cert. denied at 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972)]. Thus, we hold that defendant's trial counsel was not ineffective for failing to file a suppression motion.

■ Defendant also contends that his trial counsel was ineffective for failing to request limiting instructions regarding the use of a prior inconsistent statement. Pienkos gave the police a statement incriminating both defendant and himself but later, after talking with defendant, changed his story and gave a statement exculpating defendant of any involvement in the crime. At trial Pienkos denied ever giving a statement inculpating defendant. He was then given an opportunity to refresh his recollection, but insisted that defendant was not involved in the crimes. The Commonwealth then introduced the testimony of two police officers to whom defendant had given the earlier statement inculpating defendant. Pienkos' signed, written statement

inculpating defendant was introduced into evidence at his trial. Defendant now argues that his attorney was ineffective because he failed to request that the jury be instructed to consider Pienkos' prior, written statement for impeachment purposes only and not as substantive evidence. Defendant's trial counsel was not ineffective for failing to request the instruction because valid trial strategy may well have been involved in failing to request the instruction as defendant's trial counsel may have wanted to avoid dwelling on Pienkos' prior inconsistent statement. Moreover, in *Commonwealth v. Loar*, 264 Pa.Superior Ct. 398, 399 A.2d 1110 (1979), this Court held that prior inconsistent statements could be used for substantive, as well as impeachment, purposes. In *Commonwealth v. Waller*, 498 Pa. 33, 444 A.2d 653 (1982) at 498 Pa. 38, 444 A.2d 656, our Supreme Court, in a footnote, refused the proposition that such statements may be used as substantive evidence. The defendant's counsel could not be found ineffective for failing to anticipate the Supreme Court's decision.

■ Defendant also argues that his counsel was ineffective for failing to request that closing arguments to the jury be recorded because said closing arguments were prejudicial to him. However, he fails to allege what remarks were prejudicial to him and, without a record of the closing argument, we cannot say that the closing arguments were prejudicial.

■ Next, the defendant argues that the court below erred in failing to discharge a prospective juror for cause because the prospective juror had been the victim of a burglary. The juror in question, Juror 135, was then subject to voir dire in camera. After first stating that his experience vis-a-vis the burglary would affect his judgment in the matter, the juror indicated that he could put aside his personal experience and decide the case on its merits and on the evidence produced at trial. Specifically the juror stated: "I mean I do see him (the defendant) being innocent until being found guilty. His case is a different one than mine." The excusal of a juror for cause is a matter within the

discretion of the trial judge. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). No abuse of that discretion occurred here.

 Next, the defendant argues that the court below erred in permitting a policeman, Detective Robert Adams, to testify concerning the stolen property. The prosecutor had asked the following question: "What was the reason that your attempt to recover the unrecovered items failed?" A. "A phone call made by the defendant." The defendant objected to the answer on the grounds that it required the witness to draw a conclusion without sufficient foundation. The objection was overruled and the defendant's attorney then proceeded to cross-examine Adams about the phone call. Adams admitted that he didn't hear what defendant said over the phone but that he was later told by Pienkos that it was Pienkos defendant had called and that he formed his opinion about the phone call from what Pienkos had told him.[2] This was objected to as hearsay. However, subsequent to this Pienkos was called as a witness and was available for cross examination. So that portion of the answer, directed to the detective by defendant's counsel, was not hearsay. Moreover, prior testimony indicated that Adams had investigated the burglaries, had attempted to recover the stolen property and was familiar with all aspects of the case. This knowledge, including the knowledge as to defendant's phone call as related to him by Pienkos, enabled him to answer the question. We also note that it was defendant's counsel who elicited the statements about the phone call which were made to the officer by Pienkos. Trial counsel cannot challenge the inadmissible nature of answers which he himself solicits. *Commonwealth v. Payton*, 253 Pa.Superior Ct. 422, 385 A.2d 410 (1978). Even if the question lacked the proper foundation when posed by the prosecutor, the defendant provided the necessary foun-

2. Pienkos told Adams that the defendant told him to hide the stolen goods.

dation for the answer during the cross-examination of the detective.

Judgment of sentence affirmed.